Vick E. JOYCE, Movant,

v.

Roger DOWNS, Respondent.

Supreme Court of Kentucky.

Oct. 31, 1978.

Thomas B. Russell, Threlkeld, Whitlow & Roberts, Paducah, for movant.

Albert M. Karnes, Paducah, for respondent.

JONES, Justice.

This personal injury action was brought in McCracken Circuit Court by Roger Downs against Vick Joyce, following a collision on Lone Oak Road in Paducah, Kentucky. Joyce counterclaimed for damages to his truck. In conformity with a jury verdict finding both parties negligent, a judgment was entered dismissing both claims with prejudice. The Court of Appeals reversed the judgment with instructions to grant Downs a new trial. Joyce's motion for discretionary review was granted by this court on May 16, 1978.

Downs' bicycle and Joyce's pickup truck collided at night on a four-lane highway under disputed circumstances. Downs contended at trial that he was southbound on Lone Oak Road, on the far right portion of the outer lane, when he was sideswiped by Joyce's truck. Joyce was in the right-hand southbound lane on Lone Oak Road. He testified that as he was passing Downs' bicycle on the left, Downs turned out from the curb and hit the door of the truck. Two witnesses who were traveling in a car immediately behind Joyce's truck testified to having first seen Roger Downs to their right in the Hannan Plaza parking lot, which exits onto Lone Oak Road at the site of the accident. Downs was heading toward Lone Oak Road. Neither of the witnesses saw the actual impact. Marilyn Joyce, who was riding on the passenger side of her husband's truck, did not see Downs prior to the collision and testified only that something hit the door on her side.

The Court of Appeals reversed on the ground that the trial court's instructions to the jury on the duties of plaintiff Downs in operating his bicycle included the duty of keeping a lookout to the rear for other vehicles using the highway. The Court of Appeals found error in the instruction that Downs was required to keep a lookout to the rear, calling it an inaccurate statement of the law which could have misled the jury. It reasoned that because bicycles are not required by statute to be equipped with mirrors, it would be impossible for bicyclists to comply with the duty imposed by the instruction.

This court is of the opinion that the trial court properly instructed the jury that Downs had a duty to keep a lookout to the rear. A bicyclist has the same duty as the driver of an automobile to be aware of his surroundings. The fact that he is not required to equip his bicycle with a rearview mirror does not limit that duty. On a bicycle, an adequate lookout can be maintained without a mirror, whereas the structure of an automobile tends to obstruct the driver's vision and mandates a mirror. Furthermore, even an automobile's mirror does not obviate the necessity of the driver's turning to check blind spots. A bicyclist can and must keep a lookout, whether or not he is aided by a mirror.

The Court of Appeals found it unnecessary to rule on the other errors asserted by Downs when it reversed on the basis of the trial court's instruction. This court holds

that the instruction, though perhaps susceptible of improvement, was not improper.

The judgment is reversed and this cause remanded to the Court of Appeals for consideration of the other assignments of error.

All concur except CLAYTON, J., who did not sit.